T.C. Summary Opinion 2006-79


UNITED STATES TAX COURT



JAMES LEE MOORE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 20769-04S.              Filed May 16, 2006.


James Lee Moore, pro se.

<u>Leonard T. Provenzale</u>, for respondent.



    DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect at the time the petition was filed.  Unless otherwise
indicated, subsequent section references are to the Internal
Revenue Code as in effect for the year at issue, and all Rule
references are to the Tax Court Rules of Practice and Procedure.
The decision to be entered is not reviewable by any other court,
and this opinion should not be cited as authority.

Respondent determined for 2003 a deficiency in petitioner's Federal income tax of $2,650. The issues for decision are whether petitioner is entitled to: (1) A dependency exemption deduction, (2) head of household filing status,[1] and (3) an earned income credit.

## Background

The stipulation of facts and exhibits received into evidence are incorporated herein by reference. At the time the petition in this case was filed, petitioner resided in Ft. Lauderdale, Florida.

During 2003, petitioner paid $1,634.75 in child support for his daughter TH.[2] By letter dated May 28, 2004, the Department of Treasury notified petitioner that it had applied petitioner's 2003 tax refund of $250 toward his child support arrearage.

During 2003, petitioner was employed by Professional Drivers of GA, Inc., d.b.a. Personnel One, and Strategic Staffing, Inc. Petitioner also received unemployment compensation of $5,847 from the State of Florida in 2003.

Petitioner timely filed a Form 1040A, U.S. Individual Income Tax Return, for 2003, reporting wages of $6,452 and adjusted gross income of $12,299. Respondent issued to petitioner a

---

[1]The Court's resolution of the issue of petitioner's filing status will determine the correct computation of his standard deduction for 2003.

[2]The Court will refer to the minor child by her initials.

statutory notice of deficiency determining that petitioner's filing status was single rather than head of household. Respondent also determined that petitioner was not entitled to a dependency exemption deduction or an earned income credit, because he had failed to substantiate his claims.

## Discussion

The Commissioner's determinations are presumed correct, and generally taxpayers bear the burden of proving otherwise.[3] Rule 142(a)(1); Welch v. Helvering, 290 U.S. 111, 115 (1933).

Head of Household

Petitioner claimed "head of household" filing status for 2003. In the notice of deficiency, respondent determined petitioner's filing status to be single.

Section 1(b) imposes a special tax rate on individuals filing as "heads of households". "Head of household" is defined in section 2(b) as an unmarried individual who maintained as his home a household which constitutes for more than one-half of the taxable year the principal place of abode for specific family members. See sec. 2(b)(1)(A)(i).

Petitioner testified that TH lived with him mostly on the weekends. During the weekdays, TH lived with her mother, because

---

[3]Petitioner has not raised the issue of sec. 7491(a), which shifts the burden of proof to the Commissioner in certain situations. This Court concludes that sec. 7491 does not apply because petitioner has not produced any evidence that establishes the preconditions for its application.

TH was in school. Petitioner is not entitled to "head of household" filing status since TH did not live with him for more than one-half of the year in 2003.

Dependency Exemption

Petitioner claimed a dependency exemption deduction for TH for 2003. Section 151(c)(1) allows a taxpayer to claim as a deduction an exemption for each qualifying dependent. A child of the taxpayer is considered a "dependent" so long as the child has not attained the age of 19 at the close of the calendar year in which the taxable year of the taxpayer begins, and more than half the child's support for the taxable year was received from the taxpayer. Secs. 151(c)(1)(B), 152(a)(1). The age limit is increased to 24 if the child was a student as defined by section 151(c)(4). Sec. 151(c)(1)(B).

During most of 2003, TH lived with her mother, but petitioner has offered no evidence as to how much of TH's support was contributed by the mother. Petitioner and respondent stipulated that petitioner provided a total of $1,884.75 in child support for TH in 2003. Petitioner, however, has not provided any evidence that his child support payments, which were in arrears, represented more than half of TH's support for 2003.

Therefore, petitioner is not entitled to claim TH as a dependent on his 2003 Federal income tax return.

## Earned Income Credit

Petitioner claimed an earned income credit for 2003 with TH as the "qualifying child". Section 32(a)(1) allows an eligible individual an earned income credit against the individual's income tax liability. Section 32(a)(2) limits the credit allowed, and section 32(b) prescribes different percentages and amounts used to calculate the credit based on whether the eligible individual has no qualifying children, one qualifying child, or two or more qualifying children.

To be eligible to claim an earned income credit with respect to a qualifying child, a taxpayer must establish, inter alia, that the child bears a relationship to the taxpayer prescribed by section 32(c)(3)(B), that the child meets the age requirements of section 32(c)(3)(C), and that the child shares the same principal place of abode as the taxpayer for more than one-half of the taxable year as prescribed by section 32(c)(3)(A)(ii).

The Court has already found that TH did not live with petitioner for more than one-half of the year in 2003. Therefore, TH fails to meet the residence requirement under section 32(c)(3)(A)(ii) and is not a qualifying child for purposes of claiming the earned income credit.

Although petitioner is not eligible to claim an earned income credit under section 32(c)(1)(A)(i) for a qualifying child, he may be an "eligible individual" under section 32(c)(1)(A)(ii) even if he does not have any qualifying children.

For 2003, a taxpayer is eligible under this subsection only if his adjusted gross income was less than $11,230.  Rev. Proc. 2002-70, 2002-2 C.B. 845.  Petitioner's adjusted gross income was $12,299.

Accordingly, petitioner is not eligible for an earned income credit.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.